IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 SEP -1  P 3: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| CLARENCE GLENN, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NUMBER.: 3:06CV789-MHT |
| MARICA MONTGOMERY, et al., | * | |
| Defendant. | * | |

### NOTICE OF REMOVAL

Comes now the Defendant in this action, Marica Montgomery, and removes this case to the United States District Court for the Middle District of Alabama, Eastern Division, and as grounds therefore respectfully shows unto the Court the following:

1.  Plaintiff is believed to be a citizen of the State of Alabama, specifically Lee County, Alabama.

2.  Defendant, Marica Montgomery, is a citizen of the State of Texas.

3.  Jurisdiction herein is based upon diversity of citizenship, pursuant to 28 U.S.C. Section 1332(a) and 28 U.S.C. Section 1441(a).

4.  Plaintiff has filed a lawsuit against this Defendant in the Circuit Court of Macon County, Alabama, a copy of the Complaint being attached hereto as Exhibit "A", and being made a part hereof.

5.  The Plaintiff herein seeks an amount and alleges an amount in controversy greater than $75,000.00, exclusive of interests and costs. Although the Complaint does not

specify a monetary amount, a prior settlement demand letter by the Plaintiff attorney demands $100,000.00 to settle the Plaintiff's claims against the Defendant. (See Exhibit "B") The Complaint also seeks punitive damages in addition thereto.

6. There are no other Defendants to this action besides this Defendant, and this Defendant is removing this case within the applicable time period, pursuant to the aforesaid statutes.

7. Upon the filing of this notice, this Defendant has given written notice thereof to the attorney for the Plaintiff, and has filed a copy of the removal proceedings and notice with the Circuit Court Clerk of Macon County, Alabama, all in accordance with the law.

WHEREFORE, this Defendant prays that the removal of said cause to the United States District Court for the Middle District of Alabama, Eastern Division, be effected and no further or other proceedings may be had with respect to this matter in the Circuit Court of Macon County, Alabama, pending a final decision and determination of controversy in the said United States District Court.

DATED this 1st day of September, 2006.

ALEX L. HOLTSFORD, JR. (HOL048)
JEFFREY G. HUNTER (HUN028)
Attorney's For Defendant

OF COUNSEL:
NIX HOLTSFORD GILLILAND
   HIGGINS & HITSON, P. C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to:

Lawrence T. King
Goozee, King, & Horsley
3300 Cahaba Road
Shades Brook Building, Suite 200
Birmingham, Alabama 35223

    This the \_\_1st\_\_ day of September, 2006.

_____
OF COUNSEL

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

CLARENCE GLENN, an individual;　)
　)
　)
　)
　　　Plaintiff,　)
　)
VS.　)　CIVIL ACTION NO. CV-06-72
　)
MARICA MONTGOMERY, an individual;　)
Defendants 2, 3, and 4, the owners operators　)
and/or employers of the operator of the vehicle　)
which Defendant was operating;　)
Defendants 5, 6 and 7, those persons, firms or　)
corporations for whose benefit the vehicle　)
which collided with the car which Plaintiff was　)
driving was being operated for on the occasion　)
of the accident made the basis of this complaint;　)
Defendants 8, 9, and 10, those persons, firms　)
or corporations responsible for the inspection,　)
maintenance and repair of the vehicle which　)
collided with the vehicle which Plaintiff was　)
operating on the occasion of the accident made　)
the basis of this complaint; Defendants 11, 12,　)
and 13, the persons or institutions responsible　)
for the accident made the basis of the complaint;　)
Defendants 14, 15, and 16, the persons, firms　)
and/or corporations who negligently entrusted　)
to MARICA MONTGOMERY the vehicle　)
which collided with the vehicle which Plaintiff　)
was operating on the occasion made the basis　)
of this complaint; Defendants 17, 18 and 19,　)
those firms or entities which provided　)
under-insured and/or uninsured motorists　)
coverage to the Plaintiff on the occasion made　)
the basis of this complaint; all of whose true　)
names and legal identities are　)
otherwise unknown to Plaintiff at this time, but　)
will be added by amendment when ascertained,　)
　)
　)
　　　Defendants.　)

1

EXHIBIT A

# COMPLAINT

## COUNT ONE

1. On or about April 13, 2005, the Plaintiff, Clarence Glenn was operating a vehicle lawfully on a public roadway in Macon County, Alabama, to-wit: Montgomery Road between New Access Road and Chambliss Street, and at said time and place, the Defendant, Marica Montgomery, was in charge and control of the vehicle which collided with a second vehicle, causing the second vehicle to collide with the vehicle said Plaintiff was operating.

2. As a proximate consequence of said collision, the Plaintiff suffered the following injuries and damages:

   Plaintiff, Clarence Glenn, was bruised and contused about the various and separate parts of his body; he suffered injuries to his back and other various parts of his body; he was caused to seek medical treatment in and about an effort to heal his aforesaid injuries; he was caused to incur medical expenses; and he was caused to suffer emotional distress and mental anguish as a result of the accident.

3. Plaintiff avers that the Defendants and/or fictitious parties Defendants 2 through 16, negligently caused or negligently allowed the vehicle of which they were in charge or control to collide with the vehicle which Plaintiff was operating on the occasion made the basis of this complaint and, as a proximate consequence of the negligence of the Defendants, the Plaintiff injured and damaged as set forth in Paragraph 2 herein.

4. Plaintiff avers that said Defendants wantonly caused or wantonly

allowed the vehicle of which they were in charge or control to collide with the vehicle which Plaintiff was operating on said occasion, inasmuch as they consciously and deliberately disregarded the rights and safety of Clarence Glenn, or in that they acted with reckless disregard of his rights and safety and, as a proximate consequence of said wantonness of the Defendants, the Plaintiff was injured and damaged as set forth in Paragraph 2 herein.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## COUNT TWO

5. Plaintiff realleges and incorporates Paragraphs 1 through 4 of Count One and further avers that:

6. Defendants 2, 3, and 4 are the owners, operators and employers of the operator of the vehicle which collided with the vehicle which Plaintiff was operating on the occasion of the accident made the basis of this complaint.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## COUNT THREE

7. Plaintiff realleges and incorporates Paragraphs 1 through 4 of Count One and further avers that:

8. Defendants 5, 6, and 7 are those persons, firms or corporations for whose benefit the vehicle which collided with the vehicle which Plaintiff was driving was being operated for on the occasion of the accident made the basis of this complaint.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## COUNT FOUR

9. Plaintiff realleges and incorporates Paragraphs 1 through 4 of Count One and further avers that:

10. Defendants 8, 9, and 10 are those persons, firms or corporations responsible for the inspection, maintenance and repair of the vehicle which collided with the vehicle which Plaintiff was operating on the occasion of the accident made the basis of this complaint, and whose negligence and/or wantonness caused the Plaintiff's injuries and damages.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## COUNT FIVE

11. Plaintiff realleges and incorporates Paragraphs 1 through 4 of Count One and further avers that:

12. Defendants 11, 12, and 13 are the persons or institutions responsible for the accident made the basis of the complaint.

WHEREFORE, the Plaintiff demand judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## COUNT SIX

13. Plaintiff realleges and incorporates Paragraphs 1 through 4 of Count One herein and further avers that:

14. Defendants 15, 16, and 17 are those persons, firms or other entities who negligently entrusted to the individual Defendant the vehicle which collided with the vehicle which Plaintiff was operating on the occasion made the basis of this complaint and whose negligence was the proximate cause of the injuries and damages set out in Paragraph 2 of Count One.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## COUNT SEVEN

15. Plaintiff realleges and incorporates Paragraphs 1 through 4 of

Count One and further avers that:

16. Defendants 17, 18, and 19 are those firms or entities which provided underinsured and/or uninsured motorists coverage to the Plaintiff on the occasion made the basis of this complaint and which are contractually bound to be financially responsible for those injuries and damages suffered by the Plaintiff as set out in Paragraph 2 of Count One herein.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

Plaintiff further avers that all Defendants, both fictitious and named, are guilty of the above-described causes and/or theories of recovery in a joint and several fashion and each count of the complaint is intended to apply to each of the fictitious and named Defendants to the extent it is applicable to same.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

By: _____
Lawrence T. King
Lindsey O. Hill
Of counsel for Plaintiff

OF COUNSEL:

GOOZÈE, KING &HORSLEY
3300 Cahaba Road
Shades Brook Building, Suite 200
Birmingham, AL 35223
(205)871-1310


Plaintiff demands a trial by a struck jury in this cause.

*/s/*
Of Counsel


PLEASE SERVE DEFENDANTS AT:

Marica Montgomery          *   BY SHERIFF
403 Lee Street
Tuskegee, Alabama 36083

# ALBERT C. BULLS III, P.C.
### ATTORNEY AT LAW
2801 Althea Street
Tuskegee, Alabama 36088

Telephone: (334) 727-1074

Fax: (334) 727-1639

Please Reply To:
P. O. Box 1233
TUSKEGEE, ALABAMA 36087-1233

**SENT VIA FAX: 334.284.5823**

November 10, 2005

Progressive Insurance
Claims Department
3439 McGehee Road, Suite B
Montgomery, AL 36111
    Attn: Mr. Donald Lewis

        RE: PERSONAL INJURY - CLAIM NO.: 055796259
        MY CLIENT: CLARENCE DEVON GLENN
        YOUR INSURED: MARCIA MONTGOMERY
        DATE OF LOSS: APRIL 13, 2005

Dear Mr. Lewis:

    I am in receipt of your October 4, 2005 letter concerning the above referenced. Please find following a three page report from East Alabama Medical Center and a five page report from Atlanta Metro Psychiatric Associates. The latter report appears quite thorough in Dr. Dennis A. O'Brien's diagnosis that Mr. Glenn suffers from mild to moderate post traumatic stress disorder as a result of the April 13, 2005 automobile accident. Mr. Glenn is still under the care of Dr. O'Brien. In addition, there are no other medical bills that we will submit.

    Quite frankly, the only automobile accident that I have handled with this type of diagnosis was a wrongful death case. In that case, a young lady was driving a car and witnessed her passenger brother killed when a motorist crossed the center line causing a head on collision with the car that the she and her brother were in.

    Dr. O'Brien's diagnosis of post traumatic stress disorder dramatically increases the damages in this case. Accordingly, my client hereby demands the sum of $100,000.00 for full settlement of his claims.

Sincerely,

Albert C. Bulls III

ACB/ab
Enclosures

**EXHIBIT B**