IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CLARENCE GLENN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:06 CV 789 |
| ) | |
| MARICA MONTGOMERY, et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S PETITION TO REMAND
### CASE TO STATE COURT

COMES NOW the Plaintiff, Clarence Glenn, by and through his counsel of record, and hereby petitions this Honorable Court to remand this cause of action to state court and in support thereof, states as follows:

1. The Plaintiff, Clarence Glenn, filed his complaint in the Circuit Court of Macon County, on March 27, 2006, against Marica Montgomery (hereafter "Montgomery"), as well as other fictitious defendants. The complaint sought relief for the negligence and wantonness of the Defendants, arising out of an automobile accident occurring on April 13, 2005.

2. Montgomery sought to and did remove the case to federal court, asserting that there was complete diversity between the plaintiff and defendant, as well as an excess of $75,000 sought in damages. The defendant, however, has not fulfilled her burden in establishing diversity jurisdiction under 28 U.S.C. § 1332 (a). It is well established that a defendant, when removing a case to federal court, must

1

show "by a preponderance of the evidence, facts supporting jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). The defendant has failed to fulfill this burden.

3. Montgomery asserts in her Notice of Removal that she is a resident of Texas. (Defendant's Notice of Removal, p. 1) However, there is no affidavit or testimony by the Defendant indicating that she is, in fact, a resident of the state of Texas. Furthermore, it is indisputable that Montgomery was served with an Alias Summons on or about August 3, 2006 by Sheriff at an address in Tuskegee, Alabama.

4. In an attempt to fulfill the second prong of the two-part test for subject matter jurisdiction under 28 U.S.C. § 1332 (a), the defendant conclusively alleges in its Notice of Removal that "the Plaintiff herein seeks an amount and alleges an amount in controversy greater than $75,000, exclusive of interests [sic] and costs." (Defendant's Notice of Removal, p. 1). The defendant bases this statement on a prior settlement demand letter (Exhibit "B" to Defendant's Notice of Removal) sent to the defendant's insurer – a letter authored by the plaintiff's former attorney, prior to the involvement of the undersigned attorneys of record. The plaintiff is not represented by Albert Bulls, Esq., the author of the letter, and no such settlement demand has been made by the undersigned attorneys.

5. The indeterminate ad damnum clause contained in the complaint "does not show that the case is not removable; it simply does not comment on federal

jurisdiction." *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572, 574 (S.D. Ala. 1986)). It is well-settled that when a plaintiff makes an unspecified demand for damages in state court, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds...the jurisdictional requirement." *Tapscott v. MS Dealer Svc. Corp.*, 77 F.2d 1353, 1357 (11th Circ. 1996), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000).

6. However, as is shown by the attached affidavit, the plaintiff does *not*, in fact, seek damages exceeding the $75,000.00 jurisdictional requirement. (See Plaintiff's Affidavit, attached hereto). In fact, the plaintiff has not sought damages more than the jurisdictional requisite of $75,000 at any time – including when the lawsuit was filed, when the case was removed to federal court, nor at the present time. (See Plaintiff's Affidavit, p. 2)

7. Affidavits like the one attached to this petition have been relied upon by the 11th Circuit Court in determining whether or not subject matter jurisdiction exists. In *Williams v. Best Buy Company*, 269 F.3d 1316 (11th Cir. 2001), it was not evident from the face of the complaint whether or not the requisite amount of damages was being sought by the plaintiff. The court stated that although it had "not explicitly articulated the proper procedure for determining the amount in controversy on removal, we have suggested the approach that district courts should take in making such a determination." *Id*. at 1319. The court looked to its previous holding in *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945 (11th Cir.

3

2000), in which it relied on an approach taken by the Ninth Circuit and "held that a district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal."

8. Furthermore, the court held that "a conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams* at 1320.

9. In *Moss v. Voyager Ins. Companies*, 43 F. Supp.2d 1298 (M.D. Ala. 1999), the district court remanded the case to circuit court based on a binding stipulation similar to the affidavit attached to this reply. In particular, the plaintiff in *Moss* stated "'that under no circumstances shall Plaintiff seek nor accept more than $75,000 even if the jury verdict exceeds that amount.'" *Id*. at 1300 (quoting Pl.'s Stipulation). It was this language, the court stated, which "clarifies the Complaint by identifying that the amount in controversy will not be in excess of $75,000." *Id*. at 1303. Furthermore, in considering the plaintiff's stipulation, "'the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal.'" *Id*. (*quoting Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Columbia (ANPAC) V. Dow Quimica de Columbia, S.A.*, 988 F.2d 559, 565 (5th Cir. 1993).

10. Therefore, a district court may properly consider post-removal evidence, which in this case is the plaintiff's affidavit, to determine whether or not the jurisdictional

requirement is fulfilled. The defendant's conclusory allegations that the plaintiff's claim will exceed $75,000.00 fails to fulfill her burden, and is explicitly rebutted by the plaintiff's affidavit stating no more than $75,000.00 in damages will be sought.

11. Based on such evidence, the defendant's burden of proving federal jurisdiction has not been fulfilled, and jurisdiction lies properly in the state court. Accordingly, the case should be remanded to the circuit court of Macon County.

WHEREFORE, the plaintiff, Clarence Glenn, respectfully petitions this honorable Court to remand this case to the circuit court of Macon County, Alabama.

                                                Respectfully Submitted,

                                                /s/ Lindsey O. Hill
                                                Lawrence T. King
                                                Lindsey O. Hill
                                                Attorneys for Plaintiff, Clarence Glenn

**OF COUNSEL:**
Goozée, King & Horsley
Shades Brook Building
3300 Cahaba Road, Suite 200
Birmingham, Alabama 35223

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed, on this __28th__ day of __September__, 2006, to:

Alex L. Holtsford, Jr.
Jeffrey G. Hunter
*Nix, Holtsford, Gilliland*
      *Higgins & Hitson, P.C.*
P.O. Box 4128
Montgomery, Alabama 36103-4128


                                              __/s/ Lindsey O. Hill__
                                              Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CLARENCE GLENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No.: 3:06-cv-789 |
| | ) |
| MARICA MONTGOMERY, | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT OF CLARENCE GLENN

1. My name is Clarence Glenn. I am over the age of 19 years, have personal knowledge of these facts, and am competent to testify. I testify to these facts under penalty of perjury.

2. I am the plaintiff in the above-entitled case.

3. In regards to the claims I have asserted against Marica Montgomery, which include negligence and wantonness, the amount in controversy does not exceed $74,999.00, including compensatory and punitive damages.

4. The amount in controversy was not in excess of $74,999.00 at the time the lawsuit was filed, nor did it exceed that amount at the time of removal to federal court. My injuries and damages do not justify and did not justify a jury award or settlement in excess of $74,999.00. Under no circumstances shall I seek nor accept more than $74,999.00, exclusive of interest and costs, even if the jury verdict exceeds that amount.

1

Signed this 26 day of September, 2006.

_Clarence D. Glenn_
Clarence Glenn

STATE OF ALABAMA  )
                  )
Lee COUNTY        )

Before me, the undersigned notary public in and for said county and state personally appeared Clarence Glenn, who is known to me and who, being first duly sworn, deposes and says that he has read the foregoing Affidavit and that to the best of his personal knowledge the matters and facts contained therein are true and correct.

SWORN to and SUBSCRIBED before me on this 26th day of September, 2006.

_June Kirby_
NOTARY PUBLIC

My Commission Expires: _____

JUNE KIRBY
Notary Public, AL State at Large
My Comm. Expires Jan. 17, 2010